*(new)*    *— Will Come back with payment*    OTC

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

**RECEIVED**

AUG 02 2023

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA
BY_____

# UNITED STATES DISTRICT COURT
### for the

Western District of Louisiana

Monroe Division

Case No. **3:23-cv-1031**

_(to be filled in by the Clerk's Office)_

_____ Byron Santiago _____
### Plaintiff(s)
*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*

-v-

_____ KGPCO Services, LLC _____
### Defendant(s)
*(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)*

Jury Trial: *(check one)*  ☑Yes  ☐No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I.     The Parties to This Complaint

####  A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name                     Byron Santiago
Street Address           443 RWE Jones Dr.
City and County          Grambling
State and Zip Code       Louisiana      71245
Telephone Number         NONE
E-mail Address           NONE

####  B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1

 Name        KGPCO Services, LLC

 Job or Title *(if known)*  Domiciled in Minnisota

 Street Address     whose Agent is Corporation Service Comny

 City and County    501 Louisiana Ave

 State and Zip Code   Baton Rouge, LA 70807

 Telephone Number

 E-mail Address *(if known)*

Defendant No. 2

 Name

 Job or Title *(if known)*

 Street Address

 City and County

 State and Zip Code

 Telephone Number

 E-mail Address *(if known)*

Defendant No. 3

 Name

 Job or Title *(if known)*

 Street Address

 City and County

 State and Zip Code

 Telephone Number

 E-mail Address *(if known)*

Defendant No. 4

 Name

 Job or Title *(if known)*

 Street Address

 City and County

 State and Zip Code

 Telephone Number

 E-mail Address *(if known)*

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

### C.  Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | *all over North Louisiana* |
| Street Address | *I have no set office location* |
| City and County | |
| State and Zip Code | |
| Telephone Number | |

## II.  Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin). *& 42 U.S.C. §1981 Race*

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Other federal law *(specify the federal law)*:

*La R.S. 23:303 (c)*

☑ Relevant state law *(specify, if known)*:

☐ Relevant city or county law *(specify, if known)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.   The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐ Failure to hire me.

☐ Termination of my employment.

☑ Failure to promote me.

☐ Failure to accommodate my disability.

☑ Unequal terms and conditions of my employment.

☐ Retaliation.

☐ Other acts *(specify)*: ___Race-based discrimination___

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.   It is my best recollection that the alleged discriminatory acts occurred on date(s) ~~De~~ 2016- to prev, asking for promotion December 2022 to present promotions term & condi I've been seeking promot since 2016

C.   I believe that defendant(s) *(check one)*:

☑ is/are still committing these acts against me.

☐ is/are not still committing these acts against me.

D.   Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☑ race _____

☐ color _____

☐ gender/sex _____

☐ religion _____

☐ national origin _____

☐ age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*

☐ disability or perceived disability *(specify disability)*

_____

E.   The facts of my case are as follows. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

_See attached_

(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)

IV.    **Exhaustion of Federal Administrative Remedies**

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on (date)

_Date of filing I do not recall and I can access my EEOC account_

B.    The Equal Employment Opportunity Commission (check one):

☐    has not issued a Notice of Right to Sue letter.

☑    issued a Notice of Right to Sue letter, which I received on (date) _Issued Jun 16, 2023 & Received must June 2023_

(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)

C.    Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct (check one):

☐    60 days or more have elapsed.

☐    less than 60 days have elapsed.

V.    **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

_Back Pay_
_Promotion with equal Pay_
_To have same terms & conditions as my white Co-worker_
_(vehicle allowance, pay, etc)_
_Damages for emotional Distress_

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    _August 2, 2023_

Signature of Plaintiff    _Byron Santiago_

Printed Name of Plaintiff    _Byron Santiago_

### B.    For Attorneys

Date of signing:    _____

Signature of Attorney    _____

Printed Name of Attorney    _____

Bar Number    _____

Name of Law Firm    _____

Street Address    _____

State and Zip Code    _____

Telephone Number    _____

E-mail Address    _____

Page 6 of 6



### U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Minneapolis Area Office
330 South Second Avenue, Suite 720
Minneapolis, MN 55401
(800) 669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 06/16/2023

**To:** Byron C. Santiago
448 RWE Jones Dr
Grambling, LA 71245

Re: EEOC Charge No: 444-2023-00578

EEOC Representative and email:    David Noyes
Investigator
david.noyes@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 444-2023-00578.

On behalf of the Commission,

Digitally Signed By: Diane I. Smason
06/16/2023

Diane I. Smason
Acting District Director

**Cc:** KGPCO
c/o Susan Desmond
Principal
Jackson Lewis
601 Poydras Street, Suite 1400
New Orleans, LA 70130

Please retain this notice for your records.

This submission is offered as a rebuttal to KPG's position paper and to address the discrepancies in KGP's position paper and to point to specific instances that I was racially discriminated against.

### A. Discriminated against promotion for SL4 position

Within KGP's position paper, it alleges that I never applied and/or requestion for a promotion. This is not true. To the contrary I applied for a SL4 supervisor position on several occasions. Additionally, I requested a promotion from management. A background of the discrimination I faced during my tenure is need, and is highlighted as follows:

I began working for KGP in 2014. At that time there were 3 installers- Michael Green (Supervisor Level 4); Clayton (Supervisor Level 4); and myself (a Level 3 installer). Eventually, Clayton left the company, which only left Green and myself working sites with the North Louisiana area. In 2017 Green also quit. Allen Ward stated that the company was in need of a SL4 for the area in light of Clayton and Green leaving. At that time, I asked Allen Ward to be promoted to the SL4 installer position considering my extensive experience prior to joining the company . He advised me to submit the my request to Jeff Horton, his supervisor, but my request was denied by Jeff Horton. Yet the company made me perform SL4 work while I was a Level 3. After a few months of me doing SL3 duties, the company hired Patrick Riser (White) from Alabama for a SL4 position in North Louisiana (the same area I had covered for years). I worked with Riser for a year before Brian Messer (White) became my supervisor. In 2018/2019 I applied for a SL4 position with KGP online, but I never received a response. After the blatant and I obvious discrimination I called Jeff (then project manager) and asked him for a raise and promotion. He told me ("You are right where you need to be"). Riser eventually quit and the company hired Aaron Rite (White) in 2019 as a SL4. Thereafter Jake Franklin (White) became my supervisor.

In 2021 I applied for a promotion but never got a response. Although I was a Level 3, Franklin continuously directed me to perform Level 4 work for Level 3 pay. I ultimately refused to perform the work and demanded the promotion. An email exchange followed, which involved Jeff threatening to fire me if I did not do the Level 4 work. After some time, Kyle Jamison (White) became my supervisor. I told Jamison that I was not getting equal pay for my experience he promised me a promotion. Soon after that promise he called me and told me Jeff would not approve the promotion.

In 2021 Daniel Wilkinson became my supervisor. He gave me a $2 raise. I also asked Wilson for a promotion to SL4, but yet again he stated that Jeff would not approve the promotion. Despite my internal request for a promotion, Jeff hired Glen Olmstead (White) as a SL4. Olmstead does not have the amount of experience that I have, and my supervisors requested that I train him.

Even with the raises that I have received I only make $25, while white employees with less or the same experience as I make $30. It is apparent that I was racially discriminated for the promotion, and my EEOC is with merit.

In 2014 I was hired by KGP. There were 3 installers Michael Green SL4 (supervisor level 4) installer, Clayton SL4 installer, and I was a Level 3 installer. About a couple of years later, Clayton quit, leaving Mike and me working in Northern Louisiana. In 2017 Michael quit. When Michael quit I asked Allen Ward about an SL4 installer promotion, he stated I would have to ask Jeff Horton who was his boss. He stated we would need an sl4 installer since they do not have any in this area. A couple of months passed they were in need of an sl4 installer so they brought Patrick Riser from Alabama. I worked with Patrick for about a year then Brian Messer became the supervisor. I worked under Messer for about a year. Approximate 2018/2019 I applied for an SL4 installer position online. I never received a response. In 2019 I called Jeff Harden (project manager) and asked about a raise because I'm not making enough money, he told me I'm right where I need to be. We argued and he hung up on me. Riser quit and a few months then they hired Aaron Rite in 2019 as an SL4. Jake Franklin became a supervisor. Between 2020/2021 I filled out SL4 on indeed I also asked Jake about being a sl4 and i never heard anything back. Jake asked me to do a legacy t job which is a level 4 job. I told him i wasn't doing it because I'm not a level. A few days later he sent me an email with Jef Horton and Jason Johnson stating Jason is going to show you how to do the job. They threatened me about firing me if I didn't do the job. Kyle Jamison took over and he called me stating he was going to be the new supervisor, I told him I'm not making enough money. He said he would promote me to an Sl4 then he came back and said Jeff is not going to let that happen. Daniel Wilkinson took over in 2021, He gave me a $2 raise, and I asked to be an sl4 he said jeff won't let that happen but he would give me daily per diem.   On January 6, 2023, Daniel Wilkson sent an email to  Lisa Conway CC: Jeff Horton stating that "I need to put Byron in for a $3 raise ($25) and move him to an SL4 Daniel Wilkinson called me and told me he wanted to be the first to tell me they hired an SL4, Glen Olmstead, I need you to help him, he will start with you.  I told him I thought yall weren't hiring an SL4 he said Jeff did. When Glen Olmstead began working with me he asked me how much do they make around here I stated about $35-$40 per hour. He said he asked for $35 but they gave him $30 per hour. They told Glen they would give him $650 per month for a vehicle allowance that should get him close.